UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MD SAHID HAIDER and on behalf of himself and others similarly
situated,                                                               No.

                                    Plaintiff,

            - against -                                                 **COMPLAINT**

GIFTS ON 8TH, INC., and                                                 JURY TRIAL DEMANDED
MUHAMMAD USMAN NAZIR, an individual,

                                    Defendant(s).
------------------------------------------------------------------------X


        Plaintiff(s), MD SAHID HAIDER ("Plaintiff" and/or "Mr. Haider"), on behalf of himself

and all others similarly situated (collectively as "Plaintiffs"), by and through his attorneys, the

Law Offices of CARDENAS, ISLAM & ASSOCIATES, P.L.L.C., as and for their Complaint,

against Defendants the GIFTS ON 8TH, INC. ("Gifts Inc.") and MUHAMMAD USMAN

NAZIR ("Nazir"), an individual (hereinafter Gifts Inc. and Nazir shall be collectively

referred to as the "Defendants"), for violations of the Fair Labor Standards Act of 1938, as

amended (the "FLSA"); and the New York State Labor Law ("Labor Law"), hereby alleges

as follows:


                        **INTRODUCTION AND NATURE OF THE ACTION**


1.  This collective action and class action is brought to remedy acts committed by the

    Defendants amounting to wage and hour violations, unpaid minimum wages and unpaid

    overtime wages in willful violation of the Fair Labor Standards Act, as amended, 29 U.S.C.

    §§201 *et seq.* and New York State Labor Law.

2. Mr. Haider now bring this action on his own behalf and those similarly-situated pursuant to Federal and New York State laws requiring overtime pay for employees at the legally mandated minimum rate and proper compensation for the spread of hours.

3. Defendants committed violations of these laws by engaging in a systemic scheme of failing to compensate Plaintiff and similarly-situated employees their statutorily required overtime pay, as well as failing to properly compensate Plaintiffs for spread of hours.

4. Plaintiff seeks declaratory and injective relief; an award of monetary damages for economic losses caused by Defendants' unlawful conduct

5. Plaintiff seeks declaratory and injunctive relief; an aware of monetary damages for the economic losses caused by Defendants' unlawful conduct, including lost minimum wages; an award of liquidated damages under the FLSA and Labor Law; Plaintiff's reasonable attorney's fees; prejudgment interest on the total amount of unpaid wages pursuant to the Labor Law; costs of this action; and any such and further relief this Court deems just and equitable.

## JURISDICTION AND VENUE

6.  This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331, which confers original jurisdiction upon this Court for actions arising under the law of the United States, and pursuant to 28 U.S.C. §§ 1343(3) and 1343(4), which confers original jurisdiction upon this Court in a civil action to recover damages or to secure equitable relief (i) under any Act of Congress providing for the protection of civil rights; (ii) under the Declaratory Judgment Statute, 28 U.S.C. §2201; (iii) under 29 U.S.C. § 201 *et. seq.*

7. The Court's supplemental jurisdiction is invoked pursuant to 28 U.S.C. § 1367(a), which confers supplemental jurisdiction over all non-federal claims arising from a common nucleus

of operative facts such that they form part of the same case or controversy under Article III of the United States Constitution.

8.  Venue is proper in this Court pursuant to 29 U.S.C. §§201-219, in as much as this judicial district lies in a State in which the unlawful employment practices occurred.  Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (c), in the Defendants maintain offices and conduct business in this district.

## PARTIES

9.  At all relevant times herein, Plaintiff MD Sahid Haider, is a resident of the State of New York and began working for the Defendants as an employee in or about September 2014.

10. Plaintiff, at all relevant times herein, is a covered individual within the meaning of the FLSA and the Labor Law, and was employed by Defendants within the meaning of the FLSA and the Labor Law.

11. At all relevant times herein, Defendant GIFTS ON 8TH, INC. is a domestic corporation organized under the laws of the State of New York with a principal place of business located at 799 8th Avenue, New York, NY 10019.

12. At all times relevant herein, Defendant MUHAMMAD USMAN NAZIR ("Nazir" and/or the Defendant"), an individual, is the President and/or Owner of GIFTS ON 8TH, INC. Upon information and belief, Nazir is a citizen and resident of the State of New York.

13. At all times relevant here, Defendants were an "employer" of the Plaintiff within the meaning of the applicable federal and/or state statutes and regulations.

14. Upon information and belief, Defendants have (a) employees engaged in commerce or in the production of goods for commerce, or has employees, handling, selling, or otherwise working on goods or material that have been moved in or produced for commerce by any

person; and (b) an annual gross volume of sales in excess of five hundred thousand dollars ($500,000.00).

## COLLECTIVE ACTION ALLEGATIONS

15. Plaintiff seeks to bring this suit pursuant to 29 U.S.C. § 216(b) on his own behalf as well as those in the following class:

> Current and former employees of Defendants who perform any work in any of Defendants' locations as non-managerial employees who give consent to file a cause of action to recover overtime compensation which is legally due them for the time worked in excess of 40 hours in a given work week as well as to recover the difference between the amount of wages actually paid to them and statutorily minimum amount due ("FLSA Plaintiffs").

16. Plaintiffs are similarly situated to all such individuals because while employed by Defendants they are all FLSA Plaintiffs performed similar tasks, were subject to the same laws and regulations, were paid in the same or similar manner, were paid the same or similar rate, were required to work in excess of 40 hours per work-week, were not paid the required 1.5 times their respective regular rates of pay for overtime worked, and were not paid at an amount equal to the minimum hourly required rate of pay per hour worked.

17. Defendants treated all FLSA Plaintiffs similarly in requiring them to work in excess of forty (40) hours per workweek without overtime compensation.  Plaintiffs and FLSA Plaintiffs work and/or worked for Defendants in their place of business in excess of 12 hour shifts, seven days a week.  They were regularly scheduled in excess of five (5) shifts per week in excess of eight (8) hours per shift and thus were specifically scheduled to work more than 40 hours per work week, yet Defendants did not pay them the statutorily required overtime

compensation.  They also were not compensated at an hourly rate in accordance with the minimum legally required hourly rate.

18. All FLSA Plaintiffs are engaged in interstate commerce as they are required to handle goods that have been moved in interstate commerce.

19. Defendants are and have been aware of the requirement to pay Plaintiff and FLSA Plaintiffs for overtime work and in accordance with the minimum rate of hours, laws, yet purposely chose not to.

## RULE 23 CLASS ALLEGATIONS

20. Plaintiff additionally seeks to maintain this action as a class action, pursuant to Fed. R. Civ. P. 23(b)(3), on their own behalf as well s those who are similarly situated and are also FLSA Plaintiff, who, during the applicable statutes of limitations, were subjected to violations of the New York Labor Law.

21. Under F.R.C.P. 23(b)(3) Plaintiff must plead that the class:

    a.  Is so numerous that joinder is impracticable;

    b.  There are questions of law or fact common to the class which predominate any individual questions of law or fact;

    c.  Claims or defenses of the representative are typical of the class;

    d.  the representative will fairly and adequately protect the class; and

    e.  a class action is superior to other methods of adjudication.

22. The Class which Plaintiff seeks to define includes:

    a.  all persons employed by Defendants to perform any work in any of Defendants' locations in any capacity during the statutory period within the State of new York

who (1) worked in excess of 40 hours per week and were not compensated with overtime pay; and/or

b.  were not compensated at a rate in accordance with the minimum rate of hours laws ("Class Plaintiffs").

## NUMEROSITY

23. Upon information and belief, during the previous six (6) years, Defendants have, in total employed well in excess of 50 employees in order to staff the storefront location that Defendants operate.

## COMMON QUESTIONS OF LAW AND/OR FACT

24. There are question of law/fact that govern over the claims which are available to each and every Class Plaintiff, including but not limited to the following:

a.  Whether Class Plaintiffs were compensated at a rate less than the statutorily required minimum hourly rate of pay;

b.  Whether Class Plaintiffs were scheduled to work and/or required to work in shifts of approximately 10 hours per day, six (6) days per week;

c.  Whether Class Plaintiffs were compensated for overtime pay pursuant to Defendants' policies;

d.  Whether Defendants failed to pay Class Plaintiffs for the hours worked in excess of forty (40) hours;

e.  Whether Defendants keep accurate records of hours worked by Class Plaintiffs; and

f.  Whether Defendants have any affirmative defenses for any of these claims.

## TYPICALITY OF CLAIMS AND/OR DEFENSES

25. Plaintiff MD SAHID HAIDER was employed by Defendants in the same capacity as all of Defendants' employees aside from Management.  All other similarly situated Plaintiffs worked in nearly identical circumstances at Defendants' store and were paid in a similar way. All of the Defendants' employees were treated the same or similarly by management with respect to pay or complete lack thereof.  Thus, there are common questions of law and fact which are applicable to each and every one of Defendants' employees.

26. This treatment included, but was not limited to, failure to pay employees the proper overtime wages and failure to compensate employees in accordance with the statutorily prescribed minimum rate of pay.

## ADEQUACY

27. The representative party, Mr. Haider, is no longer an employee with Defendants because he was been terminated for requesting back pay and monies owed to him.  He is currently owed back pay and overtime pay and Defendants' have ignored his numerous verbal requests for compensation.  Mr. Haider has kept substantial records from his time working for the Defendants and would properly and adequately represent the current and former employees who have been subjected to the treatment alleged herein.  Additionally, Plaintiff's attorneys have substantial experience in this field of law.

## SUPERIORITY

28. Any lawsuit brought by an employee of Defendants would be identical to a suit brought by any other employee for the same violations and separate litigation would cause a rise of inconsistent results.  Plaintiffs have no facts relating to the class claims that are atypical from

those of the class.  Indeed, upon information and belief, Plaintiff was treated identically to other employees aside from their individual claim for retaliation.

29. Furthermore, because Plaintiff is no longer are employed by Defendants he will be able to further represent Class Plaintiffs by acting without fear of further retaliation and harassment. Thus, this means of protecting all of Class Plaintiffs' rights is superior to any other method.

## <u>COLLECTIVE ACTION ALLEGATIONS</u>

30.  At all times herein within the applicable statute of limitations, Defendants have employed dozens of employees, including Plaintiff, Mr. Haider, in the position of "salesman and/or clerk" who worked in excess of 40 hours per work week; yet were denied some minimum wages and denied any overtime wages.

31. Upon information and belief, Defendants have employed numerous employees since its formation who have been subjected to the same terms and conditions of employment as the Plaintiff.

32. Defendants used the employment practice of paying employees less than minimum wage and no overtime while also denying the appropriate end of year wage/tax documents.

33. The unlawful employment practices at issue with the respect to the similarly situated employees and named Plaintiff in this action are identical.

34. Defendants, in all cases, have willfully denied such employees the regular and overtime wages they are owed.

35. Past and current employees employed by Defendants who are similarly situated to the named Plaintiff in this action should have an opportunity to have their claims for alleged violations of the FLSA to be heard.

36. Certifying this collective action will afford such similarly situated employees the opportunity to receive notice of the action and allow them to opt-in such action if they so desire.

## PRELIMINARY STATEMENT

37. Defendant Gifts Inc., and its other agents, servants, officers, and/or employees, engaged in unlawful conduct by willfully failing to pay Plaintiff any overtime compensation for each hour worked in excess of 40 hours in a work week and a spread of hours when working in excess of 10 hours a day.  Defendant did not compensate Plaintiffs for overtime hours at a rate of pay not less than one and one-half times.  In fact Defendant paid Plaintiff far less than the required minimum wage of the time.  Additionally, Defendant blatantly and illegally discriminated against Plaintiff Haider based on his disability (actual or perceived) by terminating Plaintiff Haider without cause, shortly after a workplace accident.  Moreover, Plaintiff Haider went on to discover that Defendants failed to maintain any sort of workers compensation insurance policy.

## BACKGROUND FACTS

38. As mentioned above, Defendant MUHAMMAD USMAN NAZIR is the owner of Defendant Gifts Inc.

39. At all times mentioned herein, Defendant Gifts Inc. is and was in the business of selling souvenirs and other consumer goods out of their New York City Storefront.

40. Besides being the founder and owner of Gifts Inc., from the time of Gifts Inc.'s formation, Defendant Nazir oversaw the daily operations of the company as well as its wholly owned subsidiaries.

41. Plaintiff Haider commenced his employment with Defendants on or about September 16, 2014, as a "salesman and/or clerk".  In that capacity, Plaintiff Haider worked exclusively at Defendant Gifts Inc.

9

42. In all respects, throughout the entire tenure of their employment with Defendants, the Plaintiff, Mr. Haider was an exemplary employee, consistently receiving positive feedback, as well as compliments and words of praise from his coworkers and customers.

43. During their entire tenure of employment at Gifts Inc., Plaintiff was expected to and did work 10-12 hour shifts, seven (7) days a week.

44. During his entire tenure of employment at Gifts Inc., Plaintiff Haider was an hourly employee, and the rate of pay was Seven Dollars an Hour ($7.00 per hour).

45. During their entire tenure of employment at Gifts Inc., Plaintiff was not permitted to take a lunch break during the work day, or was he permitted to leave the building during the work day. Thus, if Plaintiffs wanted to eat at any point during the work day, he was required to order food to be delivered to the store, and even then, was only permitted to eat if his food was able to be had between assisting customers.

46. At no point during the work day was Plaintiff "free" to take a meal break.

47. Thus, Plaintiff Haider was expected and did work on average between 80-100 hours per work week.

48. Despite Plaintiffs having worked in gross excess of 40 hours per work week, Defendants knowingly and willingly operated their business with a policy of not paying their employees for hours worked over 40 hours a week, at any rate of pay. More often than not Defendants would not pay the Plaintiffs **at any rate**. Simply said, Defendants intentionally and willfully withheld any and/or all monies owed to Plaintiffs, much less that either the mandatory minimum wage and/or mandatory FLSA or New York State overtime rate of not less than one and one half times their employees normal rate of pay.

49. Moreover, Defendants operated their business with a policy that no employee was given a 1099 and/or W-2 for tax return purposes despite numerous requests for such.

50. Upon information and belief, Defendant Gifts Inc. and its president and/or owner, Defendant Nazir, and its other agents, servants, officers, and/or employees, engaged in unlawful conduct by willfully filing and issuing false W-2 so as to further exploit and wrong Plaintiff.

51. Therefore, to the extent that such claims are not barred by the applicable statute of limitations, Plaintiff is duly owed for the wages as required by the mandatory minimum wage requirements at the time and owed overtime at a rate of 1.5 times the regular rate of pay at minimum wage.

52. Most recently, in or around April 2015, Plaintiff Haider suffered a serious physical injury in the course of his employment, at the Gifts Inc. Store location.  Specifically, Defendant Gifts Inc. forced Plaintiff Haider to go into unlit, dangerous debris filled storage rooms in the basement to carry out merchandise.

53. Plaintiffs failed to maintain a safe working environment but left Plaintiff Haider no opportunity to reject the task for fear of retaliation and/or termination.

54. In or about April 2015, Plaintiff Haider slipped and fell while carrying merchandise from the unsafe storage room.  He suffered injuries to his head, back, and legs that continue to limit his ability to function till present day.

55. Subsequently, Plaintiff Haider was terminated from his position at Gifts Inc. because of his injuries.

56. Plaintiff Haider filed a workers' compensation claim only to discover that Defendants maintained no such insurance and failed to appear at the mandatory Workers' Compensation hearing.

57. The Defendants had and have actual knowledge of Plaintiff Haider's disabilities as they are the direct and foreseeable result of Defendants' failure to maintain a safe and proper working environment.

58. Following the April 2015 accident, Plaintiff Haider was terminated from Gifts Inc. without payment for prior hours worked.

59. Thus, as discussed above Defendants have and continue to exploit its employees, including but not limited to the Plaintiff, by failing to pay at the mandatory minimum wage rate, failing to pay the mandatory overtime wage rate of 1.5 times the normal pay, and discriminated against Plaintiff Haider by terminating him after learning of his disability.

## FIRST CLAIM AGAINST ALL DEFENDANTS AS TO THE COLLECTIVE ACTION

### Unpaid Minimum Wages in Violation of the FLSA

60. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

61. As described above, at all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) & 207(a).

62. Plaintiff is a covered employee within the meaning of the FLSA, 20 U.S.C. §§ 206(a) & 207(a).

63. Plaintiffs and all other similarly situated employees are and were non-exempt employees under the FLSA.

64. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and it has not made a good faith effort to comply with the FLSA

with respect to the compensation of the Plaintiffs and all other employees similarly situated. As such, Defendants' non-compliance with the FLSA was willful.

65. As a proximate result of Defendants' unlawful conduct, Plaintiffs and all other employees similarly situated have suffered economic damages in the form of lost wages in an amount to be determined at trial and are entitled to recover the value of those unpaid minimum wages plus an equivalent amount of liquidated damages pursuant to the FLSA.

## SECOND CLAIM AGAINST ALL DEFENDANTS AS TO THE COLLECTIVE ACTION

### Unpaid Overtime wages in Violation of the FLSA

66. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

67. Defendants were the employer of the Plaintiff and all other similarly situated employees within the meaning of the FLSA.

68. Plaintiff and all other similarly situated employees are and were non-exempt employees under the FLSA.

69. Plaintiff and all other similarly situated employees worked in excess of 40 hours per work week for Defendants on a weekly basis as described above, but were denied overtime wages.

70. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and it has not made a good faith effort to comply with the FLSA with respect to the compensation of the Plaintiff and all other employees similarly situated to them.

71. As such, Defendants noncompliance with the FLSA is willful.

72. As a proximate result of the Defendants' unlawful conduct, Plaintiff and all other employees similarly situated have suffered economic damages in the form of lost wages in an amount to

be determined at trial and are entitled to recover the value of those unpaid overtime wages plus an equivalent amount of liquidated damages pursuant to the FLSA.

## <u>THIRD CLAIM AGAINST ALL DEFENDANTS AS TO THE CLASS</u>

### **Unpaid Minimum Wages in Violation of the New York State Labor Law**

73. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

74. Defendants were the employer of Plaintiff and the Class Plaintiffs within the meaning of the Labor Law.

75. Plaintiff and the Class Plaintiffs are and were non-exempt employees under the Labor Law.

76. Despite their status as a non-exempt employee, Defendants willfully paid Plaintiff and the Class Plaintiffs less than minimum wage for all hours worked, including overtime hours worked in excess of 40 hours per work week.

77. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and it has not made any good faith efforts to comply with the Labor Law with the respect to the compensation of Plaintiff and Class Plaintiffs.  As such, Defendants' noncompliance with the Labor Law was and continues to be willful.

78. As a proximate result of Defendants' unlawful conduct, Plaintiff and the Class Plaintiffs have suffered economic damages in the form of lost wages in an amount to be determined at trial and is entitled to recover the value of those unpaid minimum wages plus an equivalent amount of liquidated damages and prejudgment interest pursuant to the Labor Law.

## FOURTH CLAIM AGAINST ALL DEFENDANTS AS TO THE CLASS ACTION

### Unpaid Overtime Wages in Violation of the Labor Law

79. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

80. Defendants were the employer of Plaintiff and the Class Plaintiffs within the meaning of the Labor Law.

81. Plaintiffs and the Class Plaintiffs are and were non-exempt employees under the Labor Law.

82. Plaintiff and Class Plaintiffs worked in excess of forty (40) hours per week for Defendants on a weekly basis as described above, but were denied overtime wages.

83. Defendants were aware or should have been aware that the practices described in the Complaint were unlawful and it has not made a good faith effort to comply with the Labor Law with respect to the compensation of the Plaintiffs and Class Plaintiffs.  As such, Defendants' noncompliance with the Labor Law was willful.

84. As a proximate result of Defendants' unlawful conduct, Plaintiff and the Class Plaintiffs have suffered economic damages in the form of lost wages in an amount to be determined at trial and is entitled to recover the value of those unpaid overtime wages plus an equivalent amount of liquidated damages and prejudgment interest pursuant to the Labor Law.

## DEMAND FOR A JURY TRIAL

85. Plaintiff demands a trial by jury of all issues and claims in this action.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs demand judgment against Defendants as follows:

1. Enter a judgment declaring that the Defendants' patterns, practices, and omissions, as described above, violate the law;

2. Enter a judgment and award in favor of Plaintiffs against Defendants for reasonable monetary damages, including back pay (plus interest or an appropriate inflation factor and enhancement to offset adverse tax consequences associated with lump sum receipt of back pay), front pay, benefits, and all other damages owed to Plaintiffs in an amount proven at trial, resulting from Defendants' unlawful and discriminatory acts or omissions;

3. Enter a judgment and award in favor of Plaintiffs for the compensatory, punitive, exemplary and liquidated damages available under all applicable Federal and State laws;

4. Enter a judgment and award in favor of the Plaintiffs for costs, including but not limited to reasonable attorneys' fees, experts' fees, and other costs and expenses of this litigation;

5. Enter a judgment and award in favor of Plaintiffs for pre-judgment and post-judgment interest;

6. Award such other and further legal and equitable relief as may be found appropriate and as this Court may deem just and proper; and

7. Retain jurisdiction over this action until such time as it is satisfied that Defendants have remedied the practices complained of and is determined to be in full compliance with the law.

Dated:      March 1, 2016

_____/s/_____

BARAK P. CARDENAS, ESQ. (BC-1276)
CARDENAS ISLAM & ASSOC., P.L.L.C.
*Attorneys for Plaintiff MD SAHID HAIDER*
175-61 Hillside Ave. Ste. 302
Jamaica, NY 11432
Tel.: (347) 809-7810
Fax: (914) 861-0099